■ Ball Motors, Inc., Respondent, v. Orange County Trust Company et al., Appellants.— In an action in equity for an accounting (first cause) and for damages sustained by reason of defendants' negligence in the liquidation of plaintiff's business (second cause), defendants appeal from an interlocutory judgment of the Supreme Court, Orange County, rendered June 29, 1960, after trial before an Official Referee, upon the decision of such Referee, directing, inter alia, that each of the defendants render an account to the plaintiff. Interlocutory judgment modified on the law and the facts as follows: (1) by striking out all the decretal paragraphs except the last; (2) by substituting therefor one decretal paragraph directing that the amended complaint and both causes of action therein be dismissed; and (3) by substituting another decretal paragraph directing that the counterclaim of defendant Donnelly be determined upon application. As thus modified, the interlocutory judgment is affirmed, without costs. Findings of fact contained in the decision of the Official Referee are affirmed, and additional findings of fact are made as indicated below. Plaintiff was a debtor to each of the two defendants. The defendant bank recouped the past-due indebtedness, but plaintiff remained contingently liable to the bank upon plaintiff's guarantee to the bank against

losses upon third-party notes which plaintiff had sold to the bank. Subsequently such losses occurred, but they were made good to the bank by defendant Donnelly. Plaintiff agreed with defendant Donnelly to liquidate its business, to apply the proceeds upon its indebtedness to Donnelly, and to account to Donnelly weekly. Certain of the assets of plaintiff's business were expressly assigned to defendant Donnelly. In the liquidation process some of plaintiff's assets were liquidated by plaintiff and some by Donnelly. In this action plaintiff alleges that both Donnelly and the bank collected a surplus over the amount of plaintiff's indebtedness to each of them, and plaintiff now seeks to compel them to account. In plaintiff's bill of particulars Schedule A purports to set forth the moneys collected by Donnelly, totaling some $49,500. We find that the evidence fails to establish most of the amounts set forth in this schedule. For purposes of argument only, Donnelly assumes that the amounts in this schedule which have been competently proved total $13,821.69. Analysis of the evidence justifies a finding in a lesser amount. However, even if we deduct the sum of $13,821.69 from the total net indebtedness of plaintiff to Donnelly as shown by the evidence, the resulting balance would indicate that plaintiff has not discharged its indebtedness to Donnelly. If, from Donnelly's claimed amount of plaintiff's indebtedness to him a further deduction of $30,061.33 were made the indicated balance would still be in favor of Donnelly. On the basis of all the evidence we find that plaintiff has failed to show any moneys due to it from either defendant. In view of such finding it is improper to impose a burden of accounting upon the defendants. The evidence fails to establish that defendant Donnelly was in control of the liquidation of plaintiff's business or that he was the bank's agent in participating in the liquidation. Ughetta, Kleinfeld, Christ and Pette, JJ., concur; Nolan, P. J., not voting.